IN THE UNITED STATES DISTRICT COURT
FOR THE WESERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMY OQUENDO WRIGHT, ) | | |
|     Plaintiff, ) | Civil Acton No. 7:19cv00580 | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| T. MCCOWAN ) | By:    Hon. Thomas T. Cullen | |
|     Defendant. ) |          United States District Judge | |

Plaintiff Jeremy Oquendo Wright, a Virginia inmate proceeding *pro se*, filed this civil action, pursuant to 42 U.S.C. § 1983, against correctional officer T. McCowan. Wright seeks leave to proceed *in forma pauperis* with this action. Having reviewed Wright's complaint, the court will grant his request to proceed *in forma pauperis*, but it concludes that he has failed to state a cognizable federal claim against the named defendant. Therefore, the court will dismiss Wright's claim under the screening provision of 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Wright alleges that defendant McCowan, a correctional officer at Keen Mountain Correctional Center, attempted to enter his cell while he was partially undressed and using the bathroom. He further alleges that McCowan made multiple sexually charged statements to him, and that McCowan conducted an illegal cell search after Wright threatened to report McCowan to PREA.[1] Finally, Wright alleges that McCowan's actions have caused him "serious

---

[1] In Wright's complaint, he apparently uses PREA to mean the office in charge of complaints under the Prison Rape Elimination Act of 2003.

tra[u]ma and flashbacks" due to sexual abuse he suffered as a child. Wright seeks monetary damages and transfer to another correctional facility.[2]

II.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court is empowered to dismiss a complaint which fails to state a cause of action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of a right guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from the conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). A prisoner's claim of sexual abuse within a prison setting alleges a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The Cruel and Unusual Punishment clause has been interpreted to forbid "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Analyses under this standard contain both an objective and a subjective element. The objective element asks whether the alleged wrongdoing was "objectively harmful enough to establish a constitutional violation." *Norman v. Taylor*, 25 F.3d 1259, 1262 (4th Cir. 1994) (*abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010)). The subjective element examines whether the officer had a sufficiently culpable state of mind—in other words, whether the officer intended to inflict unnecessary and wanton pain. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *see Robinson v. SCDC Director*, C/A

---

[2] Wright requests $25,000 in one section of his complaint, but requests $65,000 in another section.

No. 5:18-CV-00382-JMC-KDW, 2018 WL 11150511 (D.S.C. March 06, 2018) (Report and Recommendation), adopted by 2020 WL 3410825 (D.S.C. 2020).

In the Fourth Circuit, mere verbal harassment by prison officials does not rise to the level of a constitutional violation because it does not satisfy the objective standard. *See Saunders v. Baldonado*, No. 7:20cv00523, 2020 WL 5868028, at *1 (W.D. Va. Oct. 1, 2020) (citing *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005)). Verbal harassment or verbal abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983. *Henslee*, 153 F. App'x at 180 (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Johnson v. Laham*, 9 F.3d 1543 (4th Cir. 1993). The Constitution does not "protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C. 1990), *aff'd* 917 F.2d 1302 (4th Cir. 1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation); *Emmons v. McLaughlin*, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); *Lamar v. Steele*, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); *Fisher v. Woodson*, 373 F. Supp. 970, 973 (E.D. Va. 1973) ("[T]hreatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."); *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1025 (D. Mass. 1985) (humiliating, denigrating, and frightening verbal

abuse may be actionable as state tort, but does not state a fourteenth amendment claim); *Keyes v. City of Albany*, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). Wright has not alleged any facts indicating that McCowan's actions went beyond mere words. Because Wright has failed to establish the objective element, he has failed to state a claim.

### III.

In conclusion, the court will grant Wright's motion for leave to proceed *in forma pauperis* but will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The court will dismiss this action without prejudice to the extent that Wright will have 21 days from the entry of this order to file a motion to reopen the case with an amended complaint against Officer McCowan.

**ENTERED** this 8th day of January, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE